# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 13-40923
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

July 20, 2015

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ANDRES SANCHEZ-MEDINA,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 1:13-CR-286

Before WIENER, HIGGINSON and COSTA, Circuit Judges.

PER CURIAM:[*]

Andres Sanchez-Medina (Sanchez) appeals the 41-month, within-guidelines sentence imposed by the district court. He argues that the district court erred by imposing an enhancement pursuant to U.S.S.G. § 2L1.2(b)(1)(A)(i) based upon the California felony complaint and abstract of judgment evidencing his prior conviction under California Health and Safety Code § 11378.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 13-40923

This court reviews the district court's application of the Sentencing Guidelines de novo and its factual findings for clear error. *See United States v. Gomez-Alvarez*, 781 F.3d 787, 791 (5th Cir. 2015). Because Sanchez's conviction under § 11378 is not categorically a "drug trafficking offense" for purposes of § 2L1.2, we must employ the modified categorical approach to determine whether his prior conviction warranted the enhancement. *See id.* at 793-94 (adopting the reasoning of *United States v. Valdavinos-Torres*, 704 F.3d 679, 687 (9th Cir. 2012)).

The district court was entitled to rely upon the charging document for the § 11378 offense to determine whether it constituted a drug trafficking offense. *See Shepard v. United States,* 544 U.S. 13, 16 (2005). Sanchez does not deny that the felony complaint, which charged him with possessing methamphetamine for sale, is the final charging document; because nothing in the record affirmatively casts doubt upon, or creates ambiguity regarding, whether the felony complaint constitutes the charging document, the district court did not clearly err in finding that it did. *See Gomez-Alvarez*, 781 F.3d at 795-96.

AFFIRMED.